IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY BETTS,              )<br>    Plaintiff,              )<br>                                      )<br>v.                                   )<br>                                      )<br>PROGRESSIVE SPECIALTY   )<br>INSURANCE COMPANY, *et al.*,  )<br>    Defendants.          ) | CIVIL ACTION NO. 16-00254-N |

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction. This case was removed to this Court from the Circuit Court of Monroe County, Alabama, under 28 U.S.C. § 1441(a).[1] The Notice of Removal (Doc. 1) claims diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…"). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *See also, e.g., Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing

---

[1] Monroe County is part of the Southern Division of this judicial district. *See* 28 U.S.C. § 81(c)(2).

*Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* at 410.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Plaintiff's state court complaint (Doc. 1-1) names "Berkley Oil & Gas Specialty Services" (hereinafter, "Berkley Oil & Gas") as one of the defendants. However, an entity identifying itself as "Berkley Regional Insurance Company" (hereinafter, "Berkley Insurance") filed the Notice of Removal.  Berkley Insurance claims that it was "incorrectly identified" in the complaint as Berkley Oil & Gas (Doc. 1 at 1), which suggests a mere misnomer of a defendant by the Plaintiff. However, the affidavit of Monica Harmon (Doc. 1-6), which Berkley Insurance has attached to the Notice of Removal, indicates that Berkley Oil & Gas and Berkley Insurance are in fact two separate legal entities.[3]  Specifically, Harmon avers that

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] "The misnomer/misidentification dichotomy usually arises in cases involving whether the statute of limitations was tolled by filing suit against a party that is defectively named in

she is "employed as a Claims Supervisor with **Berkley Oil & Gas**," and that "Berkley Regional Insurance Company **and** Berkley Oil & Gas do business within the State of Alabama, but **neither** is incorporated in Alabama, nor does **either** maintain its principal place of business in Alabama." (*Id.* (emphasis added)).[4]

If this is so, nothing in the record indicates that Berkley Insurance was substituted for Berkley Oil & Gas or was otherwise added as a defendant in the state court action prior to removal. This presents a problem for two reasons. First, only "the defendant or the defendants" may remove a civil action under 28 U.S.C. § 1441(a). In this Circuit, removal under § 1441 by a non-party to the suit is a jurisdictional, rather than procedural, defect. *See Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) ("We conclude that HUD was not made a party to the suit, a precondition for the district court to have removal jurisdiction under either Title 28, U.S.C., Section 1441 or Section 1442(a)(1). The district court lacked jurisdiction to rule on the substantive issues.").[5]

---

some way. With a misnomer, the correct party, although misnamed, is served with notice of the suit; in that situation, limitations is tolled. This is in contrast to a misidentification, which arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity. A misidentification, unlike a misnomer, does not toll the statute of limitations." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 438 n.4 (5th Cir. 2014) (per curiam) (unpublished) (ciations and quotation omitted). However, "we are not here dealing with the issue of statute of limitations under state law but the question of whether [Berkley Insurance] was a party to the case who could remove the action under federal law." *Id.*

[4] Harmon further muddies the waters by also averring that "Berkley Oil & Gas writes insurance policies under the name Berkley Regional Insurance Company," which could indicate that Berkley Insurance is not itself a separate entity but is instead simply a trade name of Berkley Oil & Gas. Given the other representations in the affidavit and the Notice of Removal, the undersigned finds it more likely that this is simply poor wording and that Berkley Insurance is claiming to be a distinct legal entity. If this is not the case, however, Berkley Insurance should clarify this point in its response to this Order. *See infra.*

[5] Non-binding Fifth Circuit authority issued after September 1981 persuasively supports this reading of *Millwood*. *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th

Second, "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Moreover, "removal jurisdiction is determined at the time of removal…" *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n.9 (11th Cir. 2009). *See also Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[W]e assess jurisdictional facts at the time of removal."). Thus, only the citizenship of Berkley Oil & Gas, not Berkley Insurance, is relevant to determining diversity jurisdiction. The complaint and Notice of Removal both identify Berkley Oil & Gas as a corporation, meaning that it is deemed "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). However, the Notice of Removal only alleges these states for Berkley Insurance (respectively, Delaware and Connecticut). The

---

Cir. 2006) ("[T]his court has held that where an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action. *See Housing Auth. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973)."); *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437, 439 n.5 (5th Cir. 2014) (per curiam) (unpublished) ("Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings. *See Salazar v. Allstate Tex. Lloyd's, Inc.,* 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action."); *Hous. Auth. of City of Atlanta, Ga. v. Millwood,* 472 F.2d 268, 272 (5th Cir. 1973) (holding that, where removal is initiated by a non-party, the district court is without subject matter jurisdiction). []Here, State Farm never became a party in this action. Jongh did not name State Farm as a defendant in her original petition; although it asserted in its answer and notice of removal that Jongh incorrectly named Lloyds as a defendant, State Farm did not move to intervene or otherwise request that the district court substitute it as the proper party in interest. Consequently, it lacked the authority to remove this action to federal court. *See Salazar,* 455 F.3d at 575; *Millwood,* 472 F.2d at 272 … State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. *See* 28 U.S.C. § 1447(c). We disagree. State Farm's removal of this case did not transform it into a party to the case.").

Notice of Removal does not similarly allege "every State and foreign state by which [Berkley Oil & Gas] has been incorporated and of the State or foreign state where [Berkley Oil & Gas] has its principal place of business…"  *Id.*  Because the Court does not know the citizenship of Berkley Oil & Gas, it cannot ascertain whether complete diversity exists for purposes of jurisdiction under § 1332(a).[6]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  " '[W]here subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction.' "  *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993)). *See also Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984) ("[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly.").  Accordingly, Berkley Insurance is **ORDERED** to file and serve, no later than **Wednesday, July 27, 2016**, a supplement to its notice of removal addressing whether Berkley Oil & Gas and Berkley Insurance are two separate legal entities.  If they are, Berkley Insurance must also (1) affirmatively allege facts showing Berkley Oil & Gas's citizenship under § 1332(c)(1), and (2) explain, with citation to appropriate authority, why this case should not be remanded for lack of subject matter jurisdiction under the reasoning of *Millwood*.[7]

---

[6] Harmon's affidavit does assert that Berkley Oil & Gas is not incorporated in Alabama and does not have its principal place of business there.  (Doc. 1-6, ¶ 5).  However, such an assertion does not satisfy a removing defendant's burden to affirmatively plead facts establishing the citizenship of a party.

[7] Any other interested party may also file and serve briefing addressing these issues by the same deadline.

The failure to supplement as ordered may result in this case being remanded for lack of subject matter jurisdiction.   *See* 28 U.S.C. § 1447(c).

**DONE** and **ORDERED** this the 13th day of July 2016.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**